**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AIG SPECIALTY INSURANCE CO.,** | ) | **CASE NO. 1:22CV361** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **SITE CENTERS CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #93) of Plaintiff AIG Specialty Insurance Company to Reopen Discovery for a Limited Purpose pursuant to Fed.R.Civ.P. 16(b)(4).

AIG moves to reopen discovery to take the depositions of two witnesses that Defendant SITE Centers Corporation intends to call to testify at trial.  AIG learned of SITE's intention to call Catherine Kroll and Christopher Reville on March 12, 2026.  Kroll is a former SITE employee who served as an in-house counsel.  Reville is a current employee who is expected to testify about events that occurred after the close of discovery, and after the departure from the company of SITE's 30(b)(6) witness, Joseph Chura.

### I. PROCEDURAL BACKGROUND

The instant Complaint was filed March 4, 2022.  SITE's Initial Disclosures (dated June 2, 2022) identified Catherine Kroll and Christopher Reville:  "Ms. Kroll was an in-house attorney for SITE, much of her knowledge may be protected by the attorney/client privilege." -and- "Mr. Reville has knowledge regarding the shopping center, the remediation of the environmental

claims, and potentially other issues relevant to this dispute." (Exhibit A, ECF DKT #93-1).

Non-expert discovery closed on June 20, 2023. The Court conducted a Daubert hearing in

February of 2025. AIG's Motion for Summary Judgment was denied by Opinion and Order

(ECF DKT #81) on October 24, 2025. A Final Pre-Trial is scheduled for April 30, 2026, and a

Bench Trial is set for May 18, 2026.

## II. LAW AND ANALYSIS

Importantly, the decision to modify a scheduling order is within the district court's

discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 16(b)(4) of the Federal

Rules of Civil Procedure allows for the modification of a district court's scheduling order "only

for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As a general principle,

"good cause" requires a showing of diligence in efforts to meet the Court's scheduling order

requirements. *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (citing

*Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)); *Carey v. Mannella*, Case No. 4:20-

cv-5, 2023 WL 6809961 *2 (N.D. Ohio Oct. 16, 2023). In addition to considering the moving

party's diligence, a court "should also consider whether the non-moving party is prejudiced by

the proposed modification of a scheduling order." *Prewitt v. Hamline Univ.*, 764 F. App'x 524,

530 (6th Cir. 2019) (citing *Inge*, 281 F.3d at 625).

AIG never noticed the deposition of Kroll nor attempted to depose Kroll, relying on

Defendant's Initial Disclosures which stated, "much of her knowledge may be protected by the

attorney/client privilege." On the other hand, AIG contends that SITE never made it known that

Kroll had non-privileged relevant information. AIG never noticed the deposition of Reville

during the discovery period, apparently because any information he had in his personal capacity

was "duplicative of testimony from SITE's 30(b)(6) witness, Joseph Chura." (ECF DKT #93 at 3).

According to AIG, SITE claims that Reville will testify primarily about things that occurred at SITE after Chura's departure and after the close of discovery. AIG insists that it sought to re-open discovery soon after learning of SITE's planned trial witnesses and after attempting to resolve the issue between counsel without involving the Court. AIG has a significant interest in preparing for the trial examination of witnesses and in streamlining that examination. For example, AIG seeks to avoid debate and delay at trial over the assertion of privilege by learning ahead of time what non-privileged relevant information Kroll has; and to conserve time by ascertaining whether Reville's information is similar to that already obtained from the 30(b)(6) witness. Ultimately, without these two depositions, AIG will be prejudiced because it has no understanding of the scope of Reville's potential testimony nor the scope of the privilege Kroll may assert.

Nevertheless, the Court agrees with SITE that AIG is the "victim" of its own litigation strategy. These two witnesses were disclosed to AIG by SITE on June 2, 2022; and Kroll was identified by AIG itself on the same date as someone who may have relevant discoverable information. Later, AIG had the opportunity to challenge SITE's privilege log, categorizing documents and communications which SITE would not turn over in discovery. Also, AIG could have deposed Kroll to see what non-privileged testimony she would offer. AIG knew about Reville; and could have deposed him, at a minimum, to verify whether or not his knowledge was duplicative. Now, on the eve of trial, the Court finds that it would prejudice SITE to have to defend depositions while in the midst of last-minute trial preparations.

## III. CONCLUSION

In the exercise of its sound discretion, the Court holds that reopening discovery to allow AIG to depose Kroll and Reville, with trial a mere three weeks away, would be counter-productive, time-consuming and unfair.  The Motion (ECF DKT #93) of Plaintiff AIG Specialty Insurance Company to Reopen Discovery for a Limited Purpose pursuant to Fed.R.Civ.P. 16(b)(4) is denied.

**IT IS SO ORDERED.**

**DATE: 4/24/2026**

  **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**