**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY, | ) ) | CASE NO.1:22CV361 |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| SITE CENTERS CORP., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motions in Limine of Plaintiff AIG Specialty Insurance Company ("AIG").  (ECF DKT #98 through #104).  Defendant and Counterclaim Plaintiff SITE Centers Corp. ("SITE") filed an Ominbus Memorandum in Opposition.  (ECF DKT #108).

**STANDARD OF REVIEW**

**Motions in Limine**

"Motions in Limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Insurance Co. v. General Electric Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir.1997)).  A "motion in limine, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue . . . the trial court is certainly at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.' "  *State v. Grubb*, 28 Ohio St.3d 199, 201-202 (1986) (citing *State v. White,* 6 Ohio App.3d 1, 4 (1982)).  "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound

judicial discretion, to alter a previous in limine ruling." *Luce v. United States*, 469 U.S. 38, 41 (1984).

The Sixth Circuit has instructed that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 R.2d 708, 712 (6th Cir. 1975).  "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Owner-Operator Independent Drivers Ass'n v. Comerica Bank*, No. 05-CV-0056, 2011 WL 4625359, at *1 (S.D.Ohio Oct.3, 2011).  It is noteworthy that denial of a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004).

Fed.R.Evid. 401 defines relevant evidence as evidence tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Moreover, Fed.R.Evid. 402 provides that evidence that "is not relevant is not admissible."

**RULINGS AND ANALYSIS**

**1.)  MOTION IN LIMINE TO EXCLUDE ARGUMENT, EVIDENCE, OR SUGGESTION THAT AIG HAS THE BURDEN TO PROVE THE ABSENCE OF COVERAGE (#98)**

**Held**: Plaintiff's Motion is DENIED.  The Court has the role of determining the burden of proof and which party bears the onus of proof or persuasion in this Declaratory Judgment and Breach of Contract case.  The party who seeks to recover under an insurance policy generally has the burden of demonstrating coverage under the policy and proving a loss.  *Chicago Title Ins. Co. v. Huntington Nat'l Bank*, 87 Ohio St.3d 270, 27 (1999) (citing *Inland Rivers Service Corp. v.*

*Hartford Fire Ins. Co.*, 66 Ohio St.2d 32 (1981)).  The insurer bears the burden of proving that an exclusion or exception to coverage applies.  *See, Cont'l Ins. Co. v. Louis Marx Co.*, 64 Ohio St.2d 399 (1980).  There is no likelihood of jury confusion now that the parties have withdrawn their jury demand.  The Court will deal with any challenged argument, testimony or suggestion regarding burden of proof at the time of trial.

**2.)  AIG'S MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM MICHAEL CONNOLLY OR ALTERNATIVE MOTION TO LIMIT (#99)**

**Held**: Plaintiff's Motion is DENIED.  AIG moves to exclude any testimony from Michael Connolly pursuant to Federal Rule of Civil Procedure 56(c)(2), Federal Rule of Evidence 702, *Daubert v. Dow*, 509 U.S. 579 (1993) and related authority.  Alternatively, AIG moves for an order limiting Mr. Connolly's testimony to matters of expert opinion within his expertise rather than opinions on evidence or fact witness testimony.

This is AIG's third attempt to exclude the testimony of SITE's expert, Michael Connolly.  AIG filed a Motion to Exclude under *Daubert* which the Court addressed at an oral hearing.  On March 28, 2025, the Court issued an Opinion and Order (ECF DKT #64) finding Connolly's testimony and opinions are relevant and reliable.  Subsequently, in its Motion for Summary Judgment, AIG sought reconsideration of the *Daubert* ruling.  The Court found AIG's request was untimely and was improperly raised in the context of a dispositive motion.  The Court declined to reconsider its *Daubert* ruling on SITE's expert.  Now, AIG takes yet another stab at striking Connolly's expert testimony without pointing to any changed circumstances or errors of law.  The Court will not condone this repeated waste of judicial time and resources.  AIG will have the opportunity to raise objections to Michael Connolly's testimony as well as to cross-

examine him. This matter is being tried to the Court and the Court is capable of confining its consideration to opinions within Connolly's expertise and included in his written reports.

**3.) AIG's MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING DAMAGES IN EXCESS OF REMAINING POLICY LIMITS OR UNDISCLOSED DAMAGES (#100)**

**Held**: Plaintiff's Motion is GRANTED. AIG asks the Court to preclude SITE, on the basis of relevance, from eliciting testimony or evidence regarding damages in excess of the remaining applicable limits of the AIG policy, as well as any undisclosed damages including lost profits or reduced property value. In its Omnibus Memorandum in Opposition, SITE states that it does not seek damages beyond the remaining policy limits (aside from prejudgment interest should SITE prevail) and will not introduce evidence of lost profits or reduced property value. (ECF DKT #108 at 11). Based on this concession and because there is no risk of confusing the fact-finder, AIG's Motion is granted.

**4.) AIG'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED DOCUMENTS OR OTHER INFORMATION (#101)**

**Held**: Plaintiff's Motion is GRANTED IN PART. AIG propounded requests for SITE to produce "[a]ll documents relating to the installation or removal of slag at the property" and "[a]ll documents relating to the construction, repair, replacement, and/or other work on the parking lot at the Property." AIG also asked that SITE "identify all options You considered to prevent the discharge of water with a pH of greater than 12.5 from the Property's storm water management system." Fact discovery closed on June 20, 2023. SITE did not produce any supplement to its document productions or written discovery responses since its last production on September 30, 2023. AIG requests an order precluding testimony regarding "events that

took place after September 30, 2023, including further removal of slag, construction, and other work at the parking lot at the Property to prevent the discharge of high-pH water from the Property's storm water management system."

In response, SITE contends that:  "(1) SITE will not seek to introduce any undisclosed documents during trial; (2) SITE made all the post-discovery-period developments known to ASIC through deposition testimony and motion practice; and (3) SITE will proffer evidence regarding the recent developments to rebut ASIC's misleading narratives, not to establish coverage or recover additional damages."

The Court will exclude any post-discovery evidence or testimony regarding clean-up costs in SITE's case-in-chief which was responsive to discovery requests and not provided by supplementation.  The Court reserves the right to revisit this ruling depending on the presentation of evidence and testimony at trial.

**5.) AIG'S  MOTION IN LIMINE TO LIMIT EVIDENCE THAT CONTRADICTS DEFENDANT'S FED. R. CIV. P. 30(b)(6) TESTIMONY (#102)**

**Held**:  Plaintiff's Motion is DENIED.  According to AIG, SITE intends to call a different Rule 30(b)(6) witness than the individual deposed during discovery.  Therefore, AIG asks the Court to limit the witness's testimony to that which is consistent with what was offered at the 30(b)(6) deposition.

Testimony of a Rule 30(b)(6) deponent is binding on an organization "in the sense that whatever its deponent says can be used against the organization." *Kelly Servs. v. Creative Harbor, LLC,* 846 F.3d 857, 867 (6th Cir. 2017).  However, Rule 30(b)(6) testimony "does not unequivocally bind the corporation to the exclusion of other evidence that may explain or explore

that testimony." *Zino v. Whirlpool Corp.,* No. 5:11CV01676, 2014 WL 4699652, at *1 (N.D. Ohio Sept. 19, 2014).  Rule 30(b)(6) testimony "can be contradicted or used for impeachment at trial, just like any other deposition testimony[.]" *Ruth v. A.O. Smith Corp.,* No. 1:04-CV-18912, 2006 WL 530388, at *10 (N.D. Ohio Feb. 27, 2006).

According to SITE's Trial Brief, the 30(b)(6) witness, Joseph Chura, will be testifying in person.  AIG will have the ability to cross-examine him and to use his deposition transcript for impeachment purposes against him or anyone testifying on behalf of SITE.

**6.)  AIG'S  MOTION IN LIMINE TO PRECLUDE EXTRINSIC EVIDENCE REGARDING POLICY INTERPRETATION (#103)**

**Held**: Plaintiff's Motion is GRANTED.  AIG points out that both parties agree the insurance policy language is unambiguous.  Because it is unambiguous, the policy must be interpreted solely on the contract language's plain meaning.  No parol evidence regarding the meaning of contract terms is permitted when the policy is unambiguous.  SITE agrees that the policy is not ambiguous.  However, SITE argues that witnesses can testify about the meaning of the policy terms in the context of their experience and expertise; and such extrinsic evidence is admissible.

The Court finds that SITE's position is contradictory.  "If the [] agreement is complete and unambiguous on its face, parol evidence is inadmissible to show a contrary intent of the parties." *TRINOVA Corp. v. Pilkington Bros., P.L.C.,* 1994-Ohio-524, 70 Ohio St. 3d 271, 275, 638 N.E.2d 572, 575.  The Court may permit the parties to offer evidence and testimony on whether, for example, the OEPA instructions constitute an "order or directive" based on OEPA practices but the parties cannot offer evidence of the insurance policy's meaning outside its plain

and ordinary language.

**7.)  AIG'S  MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING ITS**

**CONDUCT  (#104)**

    **Held**:  Plaintiff's Motion is DENIED as overly broad and vague.  AIG asks the Court to

prohibit SITE from offering evidence of AIG's conduct in the course of its dealings with SITE,

aside from whether consent was "unreasonably withheld."  SITE wishes to present a complete

and accurate background of the dispute over remediating the slag runoff.

    There is no jury to be misled or confused.  The lawsuit does not include any claim for bad

faith.  The Court is capable of determining what testimony and evidence is relevant to the

disputed coverage issues.

**CONCLUSION**

    The Motions in Limine of Plaintiff AIG Specialty Insurance Company ("AIG") (ECF

DKT #98 through #104) are resolved as outlined above.  The Court repeats that in limine rulings

are interlocutory and that the value and admissibility of evidence is best assessed during trial.

Therefore, the Court reserves the right to re-visit these rulings after the presentation of evidence

at trial.


    **IT IS SO ORDERED.**

    **DATE: 5/1/2026**


                    **s/Christopher A. Boyko**
                    **CHRISTOPHER A. BOYKO**
                    **United States District Judge**